1

# Thimesch Law Offices

2 TIMOTHY S. THIMESCH, Esq. (No. 148213)
MICHELLE L. THIMESCH, Esq. (No. 140591)
3 JAMES A. KAESTNER, Esq. (No. 143179)
171 Front Street, Suite 102
Danville, CA 94526-3321
4 Telephone: (925) 855-8235

5 Attorneys for Plaintiff
JEAN RIKER

6

7

8                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
9

10 JEAN RIKER,                        CASE NO. _____
                                     Civil Rights
11        Plaintiff,

12 v.                                 **COMPLAINT FOR INJUNCTIVE RELIEF
                                     AND DAMAGES:** DENIAL OF CIVIL
13 CARL'S JR. RESTAURANT 7041;        RIGHTS OF A DISABLED PERSON IN
   BY-THE-BAY INVESTMENTS, INC.;      VIOLATION OF THE AMERICANS WITH
14 YU CHEN; YEE C CHEN;               DISABILITIES ACT, AND IN
   ALEXANDER B. CHEN; SELINA W.       VIOLATION OF CALIFORNIA'S
15 CHEN CHAO; JIMMY C. K. CHEN;       DISABLED RIGHTS STATUTES
   MAGGIE W T CHEN; DOE TRUSTS
16 1-5; MALL PARKING LOT OWNERS       **DEMAND FOR JURY TRIAL**
   DOE 6-10; AND DOES 11-50,
17 Inclusive,                         [Proper Intradistrict
                                       Assignment Civil L.R. § 3-2:
18        Defendants.                  San Jose]

19 _____ /

20          Plaintiff JEAN RIKER, on behalf of herself and other

21 similarly situated disabled persons, hereby complains of

22 defendants CARL'S JR. RESTAURANT 7041; BY-THE-BAY INVESTMENTS,

23 INC., a California Corporation; YU CHEN and YEE C CHEN, as

24 trustees of the Chen Family Trust; ALEXANDER B. CHEN and SELINA

25 W. CHEN CHAO, as trustees of the Chao Family Trust; JIMMY C. K.

26 CHEN; MAGGIE W T CHEN; DOE TRUSTS 1-5; MALL PARKING LOT OWNERS

27 DOE 6-10; AND DOES 11-50, Inclusive (hereafter "defendants"),

28 and demands a trial by jury, and alleges as follows:

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**

**INTRODUCTION**

1.   Plaintiff is a person with a disability whose condition requires the use of a wheelchair for mobility.  By-the-Bay Investments, Inc. owns franchised and privately owned restaurants throughout the Bay Area and state.  Among its holdings, By-the-Bay Investments, Inc. owns, operates and leases the subject Carl's Jr. Restaurant, company restaurant number 7041, located at or near 270 Saratoga Avenue, Santa Clara, Santa Clara County, California.

2.   The restaurant is inaccessible to disabled persons.  This is a suit to require the owner-operator-leasing defendants to make the restaurant accessible and usable by disabled person.  Defendants maintain barriers at their paths of travel, dining tables, service and condiment counters, and, most humiliatingly, the public restrooms, that are inaccessible to physically disabled persons who use wheelchairs, including plaintiff Jean Riker.

3.   Construction alterations carried out at this facility triggered access requirements under California law, as well as under the requirements of the Americans With Disabilities Act of 1990.  As described hereinbelow, plaintiff seeks injunctive relief to require that the subject Carl's Jr. Restaurant which she visited and was unable to enter and use on a full and equal basis, be made accessible to disabled persons to meet the requirements of both California law and the Americans With Disabilities Act of 1990.  Plaintiff also seeks damages for violation of her Civil Rights, from the day that she visited this Carl's Jr. Restaurant until such date as defendants

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                                    — 2 —

1    bring its public facilities into full compliance with the

2    requirements of California and federal law.

3

4    **JURISDICTION AND VENUE**

5           4.   This Court has jurisdiction of this action

6    pursuant to 28 U.S.C. 1331 for violations of the Americans with

7    Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*.  Pursuant to

8    pendant jurisdiction, attendant and related causes of action,

9    arising from the same facts, are also brought under California

10   law, including but not limited to violations of California

11   Health & Safety Code Sections 19955 *et seq*., including Section

12   19959; Title 24 California Code of Regulations; and California

13   Civil Code Sections 54 and 54.1 *et seq*.

14          5.   Venue is proper in this court pursuant to

15   28 U.S.C. 1391(b) and is founded on the fact that the real

16   property which is the subject of this action is located in this

17   district and that plaintiff's causes of action arose in this

18   district.

19          6.   **Intradistrict Jurisdiction.**  Under Local Rule

20   3-2(d), this case should be assigned to the San Jose

21   intradistrict as the real property that is the subject of this

22   action is located in the San Jose intradistrict and plaintiff's

23   causes of action arose in the San Jose intradistrict (a property

24   located in Santa Clara County).

25

26   **PARTIES**

27          7.   Plaintiff Jean Riker is a qualified "physically

28   handicapped" or "physically disabled" person, and requires the

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 3 —

1   use of a wheelchair for mobility.  Plaintiff is informed and

2   believes that each of the defendants herein, including DOE

3   TRUSTS 1-5, MALL PARKING LOT OWNERS DOE 6-10, AND DOES 11-50,

4   Inclusive, is the owner, constructive owner, beneficial owner,

5   trust, trustee, agent, ostensible agent, alter ego, master,

6   servant, employer, employee, representative, franchiser,

7   franchisee, joint venturer, partner, associate, parent company,

8   subsidiary, department, representative, or such similar

9   capacity, of each of the other defendants, and was at all times

10  acting and performing, or failing to act or perform, within the

11  course and scope of his, her or its authority as owner,

12  constructive owner, beneficial owner, agent, trust, trustee,

13  ostensible agent, alter ego, master, servant, employer,

14  employee, representative, franchiser, franchisee, joint

15  venturer, partner, associate, parent company, subsidiary,

16  department, representative, or such similar capacity, and with

17  the authorization, consent, permission or ratification of each

18  of the other defendants, and is responsible in some manner for

19  the acts and omissions of the other defendants in proximately

20  causing the violations and damages complained of herein, and

21  have approved or ratified each of the acts or omissions of each

22  other defendant, as herein described.  Plaintiff and her agents

23  are genuinely ignorant as to whether the franchisers, including

24  Carl Karcher Enterprises, Inc., participate or have participated

25  in the design and construction of this restaurant, or its

26  operation, and therefore franchiser parties have not been named.

27  Plaintiff will seek leave to amend when the true names,

28  capacities, connections, and responsibilities of defendants

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 4 —

1   CARL'S JR. RESTAURANT 7041; BY-THE-BAY INVESTMENTS, INC.; YU

2   CHEN; YEE C CHEN; ALEXANDER B. CHEN; SELINA W. CHEN CHAO; JIMMY

3   C. K. CHEN; MAGGIE W T CHEN; DOE TRUSTS 1-5; MALL PARKING LOT

4   OWNERS DOE 6-10; AND DOES 11-50, Inclusive, are ascertained.

5        8.   Plaintiff alleges on information and belief that

6   at all relevant times, defendants CARL'S JR. RESTAURANT 7041;

7   BY-THE-BAY INVESTMENTS, INC.; YU CHEN; YEE C CHEN; ALEXANDER B.

8   CHEN; SELINA W. CHEN CHAO; JIMMY C. K. CHEN; MAGGIE W T CHEN;

9   DOE TRUSTS 1-5; MALL PARKING LOT OWNERS DOE 6-10; AND DOES 11-

10  50, Inclusive, were and are the owners, operators, lessors

11  and/or lessees of the public accommodation located at or near

12  Assessor's Parcel Number 294-01-007, also know as Carl's Jr.

13  Restaurant, located at or near 270 Saratoga Avenue, Santa Clara,

14  California.

15       9.   On information and belief, defendants have a

16  lease arrangement with the adjacent shopping mall permitting

17  Carl's Jr. customers to use the shopping mall's immediately-

18  adjacent parking facilities while patronizing the restaurant.

19  Plaintiff is genuinely ignorant of the true identities of the

20  mall parking lot owners/operators/lessors, and therefore names

21  such parties as MALL PARKING LOT OWNERS DOE 6-10.

22       10.  The facilities of this business, including its

23  entrance, its interior and exterior paths of travel, its service

24  counter facilities, its dining facilities, and its public

25  restrooms, and other public facilities and amenities are each a

26  "public accommodation or facility" subject to the requirements

27  of California Health & Safety Code Sections 19955 et seq. and of

28  the California Civil Code Sections 54, 54.1, and 54.3.  At all

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**          — 5 —

1   times relevant to this complaint, defendants have held these

2   facilities open to public use.  Such facilities also constitute

3   "public accommodations" or "commercial facilities" subject to

4   the requirements of Sections 302 and 303 of the Americans with

5   Disabilities Act of 1990.

6

7   **FACTUAL STATEMENT**

8          11.  Defendants are required by law to provide

9   accessible facilities on each occasion that "alterations,

10  structural repairs or additions" were performed to such

11  facilities pursuant to legal standards then in effect, per

12  Section 19959 of the Health & Safety Code, and under Section 303

13  of the Americans With Disabilities Act (which governs "new

14  construction" and "alterations").

15         12.  On information and belief, each such facility

16  has, since July 1, 1970, been newly constructed, and/or

17  undergone "alterations, structural repairs, and additions," each

18  of which has subjected the Carl's Jr. Restaurant and its public

19  facilities to disabled access requirements of Section 19959

20  Health & Safety Code, Title 24 of the California Code of

21  Regulations, and/or, for such work occurring since January 26,

22  1992, to the requirements of Section 303 of the Americans With

23  Disabilities Act.

24         13.  On or about April 24, 2004, plaintiff visited the

25  subject Carl's Jr. for the purpose of purchasing a meal and

26  using the restroom.  When plaintiff attempted to use the

27  restroom, she discovered that the women's public restroom door

28  opened outward into a small vestibule shared with the entry to

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                — 6 —

the men's restroom.  There was virtually no room to operate her
wheelchair to back away from the door — as was necessary for the
operation of the women's restroom door.  To enter the women's
restroom, she was forced to open the men's restroom door, with
the help of a stranger, back her chair into that room to angle
her position out of the path of the women's restroom door and to
provide a clear path for entry into the women's restroom.  Once
inside, she discovered that the toilet stall was so small and
inaccessible that she had to have someone — again, the total
stranger — help her transfer onto the toilet, and later had to
ask this person she barely knew help her get off the toilet.  In
the process of transferring onto the toilet, the narrow size of
the facilities forced plaintiff to fall back hard onto the seat,
to her injury.  Later, in the process of getting up, plaintiff
fell forward, her shorts still around her ankles, and she landed
on the filthy floor, to her injury.  Her shorts also fell onto
the filthy floor, exposing her in plain view to the stranger.
She had to be picked up by the stranger and helped back to her
chair.

        14.  On information and belief, other barriers to
disabled access at the subject Carl's Jr. Restaurant include
inaccessible entry ways to the both the women's and the
alternative men's restroom, lack of clear floor space serving
the fixtures, lack of turning circles, lack of a strike edge
clearances at the doors, inaccessible door landings,
inaccessibly configured grab bars, and inaccessibly placed
toilets and other amenities.  On information and belief, the
restaurant also lacks an accessible path of travel from the

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 7 —

1   public right of way, improperly signed and partially improperly

2   configured parking, inaccessible landing at the public

3   telephone, inaccessible drink, condiment and service counters,

4   an inaccessible entrance, inaccessible dining facilities,

5   inaccessible paths of travel throughout the restaurant, and

6   other inaccessible facilities.

7         15.  Plaintiff complained directly to the manager

8   about Carl Jr.'s inaccessible facilities, and followed up with a

9   complaint in writing, but it was obvious from the manager's

10  reaction that he was not interested.  He appeared to dismiss

11  plaintiff as a mere trouble maker.

12        16.  As a result of defendants' denial of legally

13  required access to disabled persons and the lack of access on

14  such occasion when plaintiff attempted to use the Carl's Jr.

15  Restaurant, plaintiff Jean Riker suffered a loss of her Civil

16  Rights and her rights as a disabled person to full and equal

17  access to public facilities, suffered severe physical strain and

18  exhaustion from attempting to negotiate barriers, suffered

19  severe physical pain and discomfort, was humiliated and suffered

20  mental and emotional distress and statutory damages, all to her

21  damages as prayed hereinafter in an amount with the jurisdiction

22  of this court.

23        17.  Defendants' denial of access has caused plaintiff

24  to suffer physical, psychological, and emotional injuries,

25  including but not limited to humiliation, frustration and anger,

26  and deprived her independence, self-sufficiency and autonomy.

27  Plaintiff would like to return and use the subject Carl's Jr.

28  Restaurant on a spontaneous, but full and equal basis.  However,

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 8 —

1   she is prevented from doing so by defendants' failure and refusal

2   to provide disabled persons like plaintiff with "full and equal

3   access" to the Carl's Jr. Restaurant facilities.  Defendants'

4   actions and omissions have caused her physical, mental and

5   emotional distress, and violation of her Civil Rights, all to her

6   damages.

7           18.  On information and belief, a number of facilities

8   in the building have been remodeled during the statutory period

9   since July 1, 1970, triggering accessible "path of travel"

10  requirements to each area of alteration, which includes, but is

11  not limited to, accessible public sanitary facilities and a path

12  of travel, complying with ADA and Title 24 standards.  On

13  information and belief, defendants have not complied with these

14  legal obligations.

15          19.  The "removal" of each of these barriers to use by

16  disabled persons was "readily achievable" under the standards of

17  Section 301(9) of the Americans With Disabilities Act of 1990

18  [42 U.S.C. 12181] at all times herein relevant.  Section 303 of

19  the ADA [42 U.S.C. 12183] and California law also required the

20  removal of all such barriers upon performance of "alterations."

21          20.  On information and belief, defendants continue to

22  the present date to deny "full and equal access" to plaintiff

23  and to all other disabled persons, in violation of California

24  law, including Health & Safety Code Sections 19955 *et seq.*,

25  Civil Code Sections 54 and 54.1, and Title 24 of the California

26  Code of Regulations (a.k.a. California Building Code).  Further,

27  such denial of access to disabled persons also violates the

28  requirements of Title III of the federal Americans With

Thimesh Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 9 —

1   Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C.,

2   §§ 12181 et seq.] (Hereinafter also called the "ADA").

3

4                      **FIRST CAUSE OF ACTION:**
    **BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

5

6        21.  Plaintiff repleads and incorporates by reference,

7   as if fully set forth again herein, the allegations contained in

8   Paragraphs 1 through 20, above.

9        22.  Plaintiff Jean Riker was and is at all times

10  relative to this complaint a "physically disabled" person or

11  "physically handicapped" person under standards as defined by

12  all California statutes using these terms.  Plaintiff is also an

13  "individual with a disability" as defined by Section 54(b) Civil

14  Code, as well as Section 3(2) of the ADA.  Each violation of the

15  ADA, as plead hereinafter, is incorporated by reference as a

16  separate violation of Sections 54(c) and 54.1(d) California

17  Civil Code.

18        23.  Health & Safety Code Section 19955 provides in

19  pertinent part:

20        (a) The purpose of this part is to insure that public
          accommodations or facilities constructed in this state with
21        private funds adhere to the provisions of Chapter 7
          (commencing with § 4450) of Division 5 of Title 1 of the
22        Government Code.  For the purposes of this part "public
          accommodation or facilities" means a building, structure,
23        facility, complex, or improved area which is used by the
          general public and shall include auditoriums, hospitals,
24        theaters, restaurants, hotels, motels, stadiums, and
          conventions centers.

25

26        24.  Health and Safety Code Section 19956, which

27  appears in the same chapter as 19955, provides, in pertinent

28  part: "[a]ll public accommodations constructed in this state

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 10 —

1   shall conform to the provisions of Chapter 7 (commencing with

2   § 4450) of Division 5 of Title 1 of the Government Code...."

3          25.   Section 19956 Health & Safety Code was operative

4   July 1, 1970, and is applicable to all public accommodations

5   constructed or altered after that date.  On information and

6   belief, portions of the subject Carl's Jr. Restaurant were

7   constructed and/or altered after July 1, 1970, and portions of

8   the subject building were remodeled, altered and have undergone

9   structural repairs or additions after July 1, 1970.  Such

10  construction required such building and its public accommodation

11  facilities to be subject to the requirements of Part 5.5,

12  Sections 19955, et seq., of the Health and Safety Code, which

13  requires provision of access upon "alterations, structural

14  repairs or additions" per Section 19959 Health & Safety Code, or

15  upon a change of occupancy (a form of "alteration").

16         26.   Pursuant to the authority delegated by Government

17  Code Section 4450, et seq., the State Architect promulgated

18  regulations for the enforcement of these provisions.  Effective

19  January 1, 1982, Title 24 of the California Administrative Code

20  adopted the California State Architect's Regulations and these

21  regulations must be complied with as to any modifications of the

22  subject building occurring after that date.  Any alterations of

23  the building after January 1, 1982 required compliance with the

24  Title 24 regulations then in effect, including that an

25  accessible path of travel leading to such facility from the

26  adjoining parking facilities and the boundary of the site.

27  Prior to 1982, similar requirements were incorporated into the

28  law from the American Standards Association.  On information and

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                — 11 —

1  belief, one or more of the constructions of and alterations upon

2  and modifications of the subject facilities occurred during the

3  period of time that sections of the Health and Safety Code have

4  provided that all buildings and facilities used by the public

5  must conform to each of the standards and specifications

6  described in the American Standards Association Specifications,

7  and as to alterations occurring after January 1, 1982, to the

8  standards of Title 24, the State Architect's Regulations.

9       27.  Plaintiff Jean Riker is informed and believes and

10  therefore alleges that defendants, and their predecessors in

11  interest as owners, operators and/or lessors of the subject

12  public accommodation (for which the defendants as current

13  owners, operators and/or lessors of the building are

14  responsible), and each of them caused the subject property to be

15  constructed, altered and maintained in such a manner that

16  physically disabled persons were denied full and equal access

17  to, within and throughout said facilities, and full and equal

18  use of said building.  Further, on information and belief,

19  defendants and each of them have continued to maintain and

20  operate such building and its facilities in such condition up to

21  the present time, despite actual and constructive notice to such

22  defendants, and each of them, that the configuration of the

23  building was in violation of the Civil Rights of disabled

24  persons, such as plaintiff Jean Riker.  Such construction,

25  modification, ownership, operation, maintenance and practices of

26  such a public facility is in violation of law as stated in Part

27  5.5, Sections 19955ff Health and Safety Code, Sections 54 and

28  54.1, et seq., Civil Code, and elsewhere in the laws of

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                — 12 —

1    California.

2         28.   On information and belief, the subject building

3    and the defendants and each of them have denied full and equal

4    access to disabled persons in other respects due to non-

5    compliance with requirements of Title 24 of the California Code

6    of Regulations, and of other provisions of disabled access legal

7    requirements.  Additionally, maintaining the barriers specified

8    in this complaint is independently a violation of both Title 24

9    of the California Building Code, and of Sections 54 and 54.1

10   Civil Code and their guarantee of "full and equal" access to all

11   public facilities (as pled in the second cause of action, and

12   also repled and incorporated herein by reference, as if fully

13   restated hereafter), in conjunction with Section 19955ff, per

14   James Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.

15        29.   Injunctive Relief - The acts and omissions of

16   defendants as complained of continue on a day-to-day basis to

17   have the effect of allowing defendants to wrongfully exclude

18   plaintiff, and other similarly situated members of the public

19   who are physically disabled, from full and equal access to the

20   subject Carl's Jr. Restaurant.  Such acts and omissions are the

21   continuing cause of humiliation and mental and emotional

22   suffering to plaintiff and other similarly situated persons in

23   that these actions treat them as inferior and second class

24   citizens and serve to discriminate against them, so long as

25   defendants do not provide a properly accessible, safe and equal

26   use of such facilities.  Said acts have proximately caused and

27   will continue to cause irreparable injury to plaintiff and other

28   similarly situated persons if not enjoined by this court.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages            — 13 —

1    30.  Plaintiff seeks injunctive relief, pursuant to

2    Section 19953 Health and Safety Code and Section 55 Civil Code,

3    prohibiting those of the defendants that currently own, operate,

4    and/or lease (from or to) the subject Carl's Jr. Restaurant,

5    from maintaining architectural barriers to the use by disabled

6    persons of public accommodations and facilities, in violation of

7    Part 5.5, Sections 19955ff Health and Safety Code.  Plaintiff

8    seeks to require such defendants to create safe and properly

9    accessible facilities.

10    31.  Attorneys' Fees - As a result of defendants' acts

11    and omissions in this regard, plaintiff has been required to

12    incur legal expenses and hire attorneys in order to enforce

13    plaintiff's rights and that of other similarly situated persons,

14    and to enforce provisions of the law protecting access for the

15    disabled, and prohibiting discrimination against the disabled,

16    and to take such action both in her own interest and in order to

17    enforce an important right affecting the public interest.

18    Plaintiff therefore seeks recovery of all reasonable attorneys'

19    fees, litigation expenses and costs incurred, pursuant to the

20    provisions of Section 1021.5 of the Code of Civil Procedure.

21    Plaintiff additionally seeks attorneys' fees and costs pursuant

22    to Section 19953 Health and Safety Code.

23    WHEREFORE, plaintiff prays for relief as hereinafter

24    stated.

25    ////

26    ////

27    ////

28    ////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**

— 14 —

**SECOND CAUSE OF ACTION:**
**VIOLATION OF DISABLED RIGHTS ACT,**
**CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.**
**DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**

32.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 31, above.

33.   At all times relevant to this action, California Civil Code Sections 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of physical handicap or disability.  Section 54 Civil Code provides:

> Individuals with disabilities shall have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

Section 54.1 Civil Code provides that:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities...  and privileges of all common carriers, airplanes, motor vehicles... or any other public conveyances or modes of transportation...  hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

34.   California Civil Code Section 54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Section 54 and 54.1 Civil Code is liable for EACH such offense for the actual damages and any amount up to a maximum of three times the amount of actual damages but in no case less

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages

— 15 —

1   than $1,000 and such attorneys' fees that may be determined by

2   the Court in addition thereto, suffered by any person denied any

3   of the rights provided in Sections 54 and 54.1, for services

4   necessary to enforce those rights.

5        35.  As a result of the refusal by defendants and each

6   of them to comply with statutory requirements or otherwise

7   provide reasonable access for disabled persons to the subject

8   public facilities, plaintiff Jean Riker, and other similarly

9   situated persons, were denied and continue to be denied their

10  rights to full and equal access to, and use of, public

11  facilities, and were and continue to be discriminated against on

12  the sole basis that they are physically disabled and unable to

13  make full and equal use of the facilities.  Defendants' acts

14  have caused plaintiff physical and psychological injury and

15  pain, including fatigue, stress and strain in attempts to

16  negotiate barriers, and emotional distress and general damages.

17       36.  Plaintiff is a person within the meaning of Civil

18  Code Sections 54 and 54.1 whose rights have been infringed upon

19  and violated by the defendants.  Plaintiff has been denied full

20  and equal access on a day-to-day basis since her initial visit

21  of on or about April 24, 2004, on each day in which full and

22  equal access to such facility was denied and continuously

23  deterred.  On information and belief, defendants have failed to

24  act to provide full and equal public access to their subject

25  Carl's Jr. Restaurant, and continue to operate in violation of

26  the law and continue to discriminate against physically disabled

27  persons by failing to allow access to their building, and make

28  reasonable modifications in policy respecting servicing the

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 16 —

1  disabled who cannot enter or use facilities on a full and equal

2  basis.

3          37.  At all times since plaintiff's initial visit to

4  the subject Carl's Jr. Restaurant of on or about April 24, 2004,

5  and on information and belief for periods prior to this date,

6  defendants were on notice of the requirements of the law

7  relating to provision for full and equal disabled access.

8  Especially as defendants were on full notice, each day that

9  defendants have continued to deny access to disabled persons

10  constitutes a new and distinct violation of plaintiff's right to

11  full and equal access to this public facility, in violation of

12  Sections 54 and 54.1, et seq. Civil Code.  In the event of a

13  default judgment against any particular defendant, plaintiff

14  will seek an injunction requiring provision of accessible

15  parking facilities, accessible paths of travel, accessible

16  public telephone facilities, accessible entrance facilities,

17  accessible service counter facilities, accessible dining

18  facilities, accessible circulation throughout the restaurant,

19  and accessible restroom facilities (all as identified in

20  paragraphs 13 through 14), plus daily damages of $1,000 per day

21  from the date of plaintiff's visit to the subject Carl's Jr.

22  Restaurant on or about April 24, 2004, plus reasonable

23  attorneys' fees, litigation expenses and costs as set by the

24  court, until it is brought into full compliance with state and

25  federal access laws protecting the rights of the disabled.

26          38.  Further, any violation of the Americans With

27  Disabilities Act of 1990 (as pled in the Third Cause of Action

28  hereinbelow, the contents of which are repled and incorporated

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**          — 17 —

1   herein, word for word, as if separately repled), also

2   constitutes a violation of Section 54(c) and Section 54.1(d)

3   California Civil Code, thus independently justifying an award of

4   damages and injunctive relief pursuant to California law on this

5   basis, including but not limited to Civil Code Sections 54.3 and

6   55.

7       39.  Punitive Damages, § 3294 Civil Code - The actions

8   of defendants, and each of them, over the period of time prior

9   to and since the dates of plaintiff's visit of April 24, 2004,

10  have been despicable and willful, and done in conscious

11  disregard and complete indifference of the rights of disabled

12  persons and of the public, and have been oppressive, and have

13  evidenced actual or implied malicious intent toward those

14  members of the public such as plaintiff, who, without

15  justification, and in violation of the law, have been denied

16  full and equal access to this public facility.  Plaintiff prays

17  for an award of punitive damages against said defendants and

18  each of them pursuant to Section 3294 Civil Code in an amount

19  sufficient to make a profound example of defendants and

20  discourage others from discrimination and/or the conscious

21  disregard for the rights and safety of disabled persons.

22  Plaintiff does not know the financial worth of such defendants

23  or the amount of punitive damages sufficient to accomplish the

24  public purposes of Section 3294 Civil Code and seeks appropriate

25  damages according to proof.

26      40.  As a further basis for punitive damages,

27  plaintiff alleges that defendants either ignored, or failed to

28  act upon, specific complaints made to defendants, and plaintiff

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 18 —

1   is further informed and believes that prior to her visit pled

2   above, and after such visit, defendants, and each of them, had

3   been notified that disabled persons had complained of and/or

4   previously suffered similar denials of full and equal access,

5   similar to that complained of herein.  Despite being informed of

6   such effect on disabled persons and the manner in which their

7   practices and lack of accessible facilities would continue to

8   discriminate against disabled persons on a day-by-day basis,

9   said defendants knowingly and willfully failed to provide

10  disabled accessible facilities and services, and have refused to

11  act to rectify this situation and provide full and equal access

12  for disabled persons up to the date of the filing of this

13  Complaint.  Said conduct with knowledge of the effect it was

14  having on physically disabled persons constituted and continues

15  to constitute intentional and/or despicable conduct in willful

16  and conscious disregard of the rights of plaintiff and of other

17  similarly situated disabled persons, justifying the imposition

18  of punitive and exemplary damages per Section 3294 Civil Code.

19       41.  Plaintiff has been damaged by defendants'

20  wrongful conduct and seeks the relief that is afforded by

21  Sections 54.1, 54.3 and 55 of the Civil Code.  Plaintiff seeks

22  actual damages, and statutory and treble damages against

23  defendants for all periods of time mentioned herein, as well as,

24  punitive damages.  As to those of the defendants that currently

25  own, operate, and/or lease (from or to) the subject Carl's Jr.

26  Restaurant, plaintiff seeks preliminary and permanent injunctive

27  relief to enjoin and eliminate the discriminatory practices and

28  barriers that deny equal access for disabled persons, and for

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                — 19 —

1   reasonable attorneys' fees.

2        42.   WHEREFORE, plaintiff asks this Court to enjoin

3   any continuing refusal by the defendants that currently own,

4   operate, and or lease (from or to) the subject Carl's Jr.

5   Restaurant, to grant such access to plaintiff and other

6   similarly situated disabled persons, or alternatively to enjoin

7   operation of the subject Carl's Jr. Restaurant as a public

8   accommodation until such defendants comply with all applicable

9   statutory requirements relating to access to physically disabled

10  persons, and that the Court award statutory attorneys' fees,

11  litigation expenses and costs pursuant to Civil Code Section 55,

12  Code of Civil Procedure Section 1021.5, and Health & Safety Code

13  Section 19953, and as further prayed for herein.

14       WHEREFORE, plaintiff prays for damages and injunctive

15  relief as hereinafter stated.

16

17             **THIRD CAUSE OF ACTION:**
    **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
18                **42 USC §§ 12101ff**

19       43.   Plaintiff repleads and incorporates by reference,

20  as if fully set forth again herein, the factual allegations

21  contained in Paragraphs 1 through 42, above.

22       44.   Pursuant to law, in 1990 the United States

23  Congress made findings per 42 U.S.C. Section 12101 regarding

24  physically disabled persons, finding that laws were needed to

25  more fully protect "some 43 million Americans with one or more

26  physical or mental disabilities;" that "historically society has

27  tended to isolate and segregate individuals with disabilities;"

28  that "such forms of discrimination against individuals with

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 20 —

1   disabilities continue to be a serious and pervasive social

2   problem;" that "the Nation's proper goals regarding individuals

3   with disabilities are to assure equality of opportunity, full

4   participation, independent living and economic self sufficiency

5   for such individuals;" and that "the continuing existence of

6   unfair and unnecessary discrimination and prejudice denies

7   people with disabilities the opportunity to compete on an equal

8   basis and to pursue those opportunities for which our free

9   society is justifiably famous..."

10          45.   Congress stated as its purpose in passing the

11   Americans with Disabilities Act (42 USC § 12101(b)):

12       It is the purpose of this act —

13          (1) to provide a clear and comprehensive national
     mandate for the elimination of discrimination against
14       individuals with disabilities;

15          (2) to provide clear, strong, consistent, enforceable
     standards addressing discrimination against individuals
16       with disabilities;

17          (3) to ensure that the Federal government plays a
     central role in enforcing the standards established in this
18       act on behalf of individuals with disabilities; and

19          (4) to invoke the sweep of Congressional authority,
     including the power to enforce the 14th Amendment and to
20       regulate commerce, in order to address the major areas of
     discrimination faced day to day by people with
21       disabilities.   (Emphasis added)

22          46.   As part of the Americans with Disabilities Act,

23   Public Law 101-336, (hereinafter the "ADA"), Congress passed

24   "Title III - Public Accommodations and Services Operated by

25   Private Entities" (42 U.S.C 12181ff).   Among "private entities"

26   which are considered "public accommodations" for purposes of

27   this title are a for purposes of this title are Among the public

28   accommodations identified for purposes of this title were "a

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 21 —

1   restaurant, bar, or other establishment serving food or drink"

2   (§§ 301(7)(B) [42 U.S.C. 12181].)

3          47.   Pursuant to Section 302 [42 U.S.C 12182], "[n]o

4   individual shall be discriminated against on the basis of

5   disability in the full and equal enjoyment of the goods,

6   services, facilities, privileges, advantages, or accommodations

7   of any place of public accommodation by any person who owns,

8   leases, or leases to, or operates a place of public

9   accommodation."

10         48.   Among the general prohibitions of discrimination

11  included in Section 302(b)(1)(A) are the following:

12         § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. — It
       shall be discriminatory to subject an individual or class
13     of individuals on the basis of a disability or disabilities
       of such individual or class, directly, or through
14     contractual, licensing, or other arrangements, to a denial
       of the opportunity of the individual or class to
15     participate in or benefit from the goods, services,
       facilities, privileges, advantages, or accommodations of an
16     entity."

17         § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT —
       It shall be discriminatory to afford an individual or class
18     of individuals, on the basis of a disability or disabilities
       of such individual or class, directly, or through
19     contractual, licensing, or other arrangements with the
       opportunity to participate in or benefit from a good,
20     service, facility, privilege, advantage, or accommodation
       that is not equal to that afforded to other individuals."

21         § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be
22     discriminatory to provide an individual or class of
       individuals, on the basis of a disability or disabilities
23     of such individual or class, directly, or through
       contractual, licensing, or other arrangements with a good,
24     service, facility, privilege, advantage, or accommodation
       that is different or separate from that provided to other
25     individuals, unless such action is necessary to provide the
       individual or class of individuals with a good, service,
26     facility, privilege, advantage, or accommodation, or other
       opportunity that is as effective as that provided to
27     others."

28

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 22 —

49.   Among the specific prohibitions against discrimination in the ADA include the following:

§ 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities..."

§ 302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;"

§ 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

50.   The removal of <u>each</u> of the barriers complained of by plaintiff Jean Riker as hereinabove alleged (i.e., in paragraphs 13 through 14, above) were — at all times on or after January 26, 1992 — "readily achievable."

51.   Further, at all times herein mentioned, modification of or removal of these barriers was "readily achievable" under the factors specified in the Americans with Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and the Regulations adopted thereto.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                  — 23 —

1       52.   Further, if defendants are collectively able to

2   "demonstrate" that it was not "readily achievable" for

3   defendants to remove each of such barriers, defendants have

4   failed to make the required services available through

5   alternative methods which were readily achievable, as required

6   by Section 302 of the ADA [42 U.S.C. 12182].

7       53.   "Discrimination" is further defined under

8   Section 303(a)(2) of the ADA, for a facility or part thereof

9   that was altered after the effective date of Section 303 of the

10  ADA in such a manner as to affect or that could affect the

11  usability of the facility or part thereof by persons with

12  disabilities, to include per Section 303(a)(2) [42 U.S.

13  12183], "a failure to make alterations in such a manner that, to

14  the maximum extent feasible, the altered portions of the

15  facility are readily accessible to and usable by individuals

16  with disabilities, including individuals who use wheelchairs."

17  Additionally, for alterations to areas of a facility involving a

18  "primary function," discrimination under the ADA, per Section

19  303(a)(2) (42 U.S.C. 12183), also includes the failure of an

20  entity "to make the alterations in such a manner that, to the

21  maximum extent feasible, the path of travel to the altered area

22  and the bathrooms, telephones, and drinking fountains serving

23  the altered area, are readily accessible to and usable by

24  individuals with disabilities."  On information and belief, the

25  subject building constitutes a "commercial facility," and

26  defendants have, since the date of enactment of the ADA,

27  performed alterations (including alterations to areas of primary

28  function) to the subject building, and its facilities, public

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 24 —

1   accommodations, and commercial facilities, which fail to provide

2   facilities and paths of travel to such areas that are readily

3   accessible to and usable by individuals with disabilities, in

4   violation of Section 303(a)(2), and the regulations promulgated

5   thereunder, 28 CFR Part 36ff.

6          54.   Pursuant to the Americans with Disabilities Act,

7   42 USC 12188ff, Section 308, plaintiff is entitled to the

8   remedies and procedures set forth in Section 204, subsection

9   (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at

10  subsection (a)), as plaintiff is being subjected to

11  discrimination on the basis of disability in violation of this

12  title or has reasonable grounds for believing that she is about

13  to be subjected to discrimination in violation of Sections 302

14  and 303.   On information and belief, defendants have continued

15  to violate the law and deny the rights of plaintiff and of other

16  disabled persons to access this public accommodation since

17  plaintiff Jean Riker's visit of on or about April 24, 2004.

18  Pursuant to Section 308(a)(2), "[i]n cases of violations of

19  Section 302(b)(2)(A)(iv)... injunctive relief shall include an

20  order to alter facilities to make such facilities readily

21  accessible to and usable by individuals with disabilities to the

22  extent required by this title."

23         55.   As a result of defendants' acts and omissions in

24  this regard, plaintiff has been required to incur legal expenses

25  and attorney fees, as provided by statute, in order to enforce

26  plaintiff's rights and to enforce provisions of the law

27  protecting access for disabled persons and prohibiting

28  discrimination against disabled persons.   Plaintiff therefore

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 25 —

1  seeks recovery of all reasonable attorneys' fees, litigation

2  expenses (including expert fees) and costs, pursuant to the

3  provisions of Section 505 of the ADA (42 U.S.C. 12205) and the

4  Department of Justice's regulations for enforcement of Title III

5  of the ADA (28 CFR 36.505). Additionally, plaintiff's lawsuit

6  is intended not only to obtain compensation for damages to

7  plaintiff, but also to require the defendants to make their

8  facilities accessible to all disabled members of the public,

9  justifying "public interest" attorneys' fees pursuant to the

10  provisions of California Code of Civil Procedure Section 1021.5.

11        WHEREFORE, plaintiff prays that this Court grant

12  relief as hereinafter stated:

13

14                    **FOURTH CAUSE OF ACTION:**
     **DAMAGES AND INJUNCTIVE RELIEF UNDER THE DISABLED RIGHTS ACT**
15  **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

16        56.  Plaintiff repleads and incorporates by reference,

17  as if fully set forth again herein, the allegations contained in

18  Paragraphs 1 through 55 of this complaint and incorporates them

19  herein as if separately repled.

20        57.  Each violation of the Americans With Disabilities

21  Act of 1990, as complained of in the Third Causes of Action

22  hereinabove (the contents of which causes of action have been

23  incorporated herein as if separately repled), is also a

24  violation of section 54(c) and section 54.1(d) California Civil

25  Code, further and independently justifying damages, injunctive

26  relief, and other statutory relief per sections 54.3 and 55

27  California Civil Code, all as previously pled.

28        58.  Defendants' conduct was despicable and in

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**        — 26 —

1   "conscious disregard" for the rights and safety of plaintiff and

2   other disabled persons.  Plaintiff hereby incorporates by

3   reference, as if fully repled hereafter, the punitive damage

4   allegations of paragraphs 39 and 40.

5       59.  As a result of defendants' acts and omissions in

6   this regard, plaintiff has been required to incur legal expenses

7   and attorney fees, as provided by statute, in order to enforce

8   plaintiff's rights and to enforce provisions of the law

9   protecting access for disabled persons and prohibiting

10  discrimination against disabled persons.  Plaintiff therefore

11  seeks recovery of all reasonable attorneys' fees, litigation

12  expenses (including expert fees) and costs, pursuant to the

13  provisions of Section 55 of the Civil Code.  Additionally,

14  plaintiff's lawsuit is intended not only to obtain compensation

15  for damages to plaintiff, but also to require the defendants to

16  make their facilities accessible to all disabled members of the

17  public, justifying "public interest" attorneys' fees pursuant to

18  the provisions of California Code of Civil Procedure Section

19  1021.5.

20      WHEREFORE, plaintiff prays for damages and injunctive

21  relief as hereinafter stated.

22

23  **FIFTH CAUSE OF ACTION:**
    **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**
24  **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

25      60.  Plaintiff repleads and incorporates by reference,

26  as if fully set forth again herein, the allegations contained in

27  Paragraphs 1 through 59 of this complaint and incorporates them

28  herein as if separately repled.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                     — 27 —

61.   Each violation of the Americans With Disabilities Act of 1990, as complained of in the Third Causes of Action hereinabove (the contents of which causes of action have been incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh Civil Rights Act, further and independently justifying damages of $4,000 per offense, injunctive relief, and other statutory relief per sections 52 and common law decision.

62.   At all times since plaintiff's initial visit to the subject Carl's Jr. Restaurant of on or about April 24, 2004, and on information and belief for periods prior to this date, defendants were on notice of the requirements of the law relating to provision for full and equal disabled access. Especially as defendants were on full notice, each day that defendants have continued to deny access to disabled persons constitutes a new and distinct violation of plaintiff's right to full and equal access to this public facility, in violation of Sections 54 and 54.1, et seq. Civil Code.  In the event of a default judgment against any particular defendant, plaintiff will seek an injunction requiring provision of accessible parking facilities, accessible paths of travel, accessible public telephone facilities, accessible entrance facilities, accessible service counter facilities, accessible dining facilities, accessible circulation throughout the restaurant, and accessible restroom facilities (all as identified in paragraphs 13 through 14), plus daily damages of $4,000 per day from the date of plaintiff's visit to the subject Carl's Jr. Restaurant on or about April 24, 2004, plus reasonable

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                — 28 —

1  attorneys' fees, litigation expenses and costs as set by the

2  court, until it is brought into full compliance with state and

3  federal access laws protecting the rights of the disabled.

4       63.   Defendants' conduct was despicable and in

5  "conscious disregard" for the rights and safety of plaintiff and

6  other disabled persons.  Plaintiff hereby incorporates by

7  reference, as if fully repled hereafter, the punitive damage

8  allegations of paragraphs 39 and 40.

9       64.   As a result of defendants' acts and omissions in

10  this regard, plaintiff has been required to incur legal expenses

11  and attorney fees, as provided by statute, in order to enforce

12  plaintiff's rights and to enforce provisions of the law

13  protecting access for disabled persons and prohibiting

14  discrimination against disabled persons.  Plaintiff therefore

15  seeks recovery of all reasonable attorneys' fees, litigation

16  expenses (including expert fees) and costs, pursuant to the

17  provisions of Section 52 of the Civil Code.  Additionally,

18  plaintiff's lawsuit is intended not only to obtain compensation

19  for damages to plaintiff, but also to require the defendants to

20  make their facilities accessible to all disabled members of the

21  public, justifying "public interest" attorneys' fees pursuant to

22  the provisions of California Code of Civil Procedure Section

23  1021.5.

24

25  **SIXTH CAUSE OF ACTION:**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

26  **UNFAIR COMPETITION THROUGH VIOLATION OF CALIFORNIA AND STATE LAW**
**PROTECTING THE RIGHTS OF DISABLED PERSONS**

27

28       65.   Plaintiff repleads and incorporates by reference,

---

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages     — 29 —

1   as if fully set forth again herein, the factual allegations

2   contained in paragraphs 1 through 64 of this complaint and

3   incorporate them herein as if separately repled.

4       66.   On a yearly basis, the defendants are engaged in

5   the business of providing fast food restaurant services and

6   facilities at the Carl's Jr. Restaurant throughout the year.

7       67.   Commencing within three years of the date of the

8   original complaint filed in this action, the defendants have

9   committed acts of unfair competition, as defined by Business and

10  Professions Code section 17200, by providing facilities that are

11  inaccessible to the disabled members of the general public,

12  including, but not limited to the acts facilities listed in

13  paragraphs 13 through 14, above, all in violation of standards

14  of sections 54 and 54.1 et seq. Civil Code; Title 24 of the

15  California Administrative Code; sections 4450-4456 Government

16  Code; sections 19952, 19953 and 19955-19959 Health & Safety

17  Code; Title III of the Americans With Disabilities Act of 1990;

18  and the Americans With Disabilities Act Access Guidelines.

19      68.   The acts and practices of the defendants are

20  likely to continue and therefore will continue to mislead to

21  mislead the general public as to the true cost of providing the

22  specified goods and services and their expected availability to

23  members of the public with physical disabilities pursuant to

24  law.

25      69.   As a direct and proximate result of the

26  defendants' conduct, defendants have received and continue to

27  receive unfair profits that rightfully belong to members of

28  general public who have been adversely affected by defendants'

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**

— 30 —

1   conduct, such as plaintiff.

2        70.  Plaintiff has no adequate remedy at law, and

3   unless the relief requested herein is granted, plaintiff will

4   suffer irreparable harm in that she will continue to be

5   discriminated against and denied access to the specified public

6   facilities.  Because plaintiff seeks improvement of access for

7   persons with disabilities, which will benefit a significant

8   portion of the public, plaintiff seeks attorneys' fees pursuant

9   to sections 52, 54.3 and 55 Civil Code, section 1021.5 Code of

10   Civil Procedure, section 19953 Health & Safety Code, and section

11   505 of the Americans with Disabilities Act.

12        71.  Defendants' conduct was despicable and in

13   "conscious disregard" for the rights and safety of plaintiff and

14   other disabled persons.  Plaintiff hereby incorporates by

15   reference, as if fully repled hereafter, the punitive damage

16   allegations of paragraphs 39 and 40.

17        Wherefore, plaintiff prays that the court grant relief

18   as requested hereinbelow.

19

20                 **SEVENTH CAUSE OF ACTION:**
            **VIOLATION OF GOVERNMENT CODE SECTION 12948**

21

22        72.  Plaintiff repleads and incorporates by reference,

23   as if fully set forth again herein, the factual allegations

24   contained in paragraphs 1 through 71 of this complaint and

25   incorporate them herein as if separately repled.

26        73.  Defendants' actions are in violation of

27   Government Code Section 12948, and the corresponding Civil Code

28   Sections 51, 54, and 54.1.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**

— 31 —

1        74.   Plaintiff seeks injunctive relief, statutory and

2   compensatory damages, punitive damages, and attorneys fees under

3   the FEHA.

4        Wherefore, plaintiff prays that the court grant relief

5   as requested hereinbelow.

6

7                        **EIGHTH CAUSE OF ACTION:**

8   **NEGLIGENCE PER SE IN INJURING PLAINTIFF DUE TO VIOLATIONS OF**
    **STATE AND FEDERAL LAW PROTECTING THE DISABLED, AND COMPLETE**
    **INDIFFERENCE TO THE CERTAIN RESULT**

9

10       75.   Plaintiff repleads and incorporates by reference,

11  as if fully set forth again herein, the factual allegations

12  contained in paragraphs 1 through 74 of this complaint and

13  incorporate them herein as if separately repled.

14       76.   Plaintiff incorporates by reference all prayers

15  for relief related to plaintiff's damages.

16       77.   Defendants' actions, as previously pled,

17  constitute negligence per se, as they constitute violations of

18  state and federal laws protecting the rights and safety of

19  disabled persons such as plaintiff.

20       78.   Defendants' conduct was despicable and done in

21  "conscious disregard" and with "complete indifference" for the

22  rights and safety of plaintiff and other disabled persons,

23  including plaintiff, and the certainty that their rights and

24  safety would be violated.  Therefore, plaintiff hereby

25  incorporates by reference, as if fully repled hereafter, the

26  punitive damage allegations of paragraphs 39 and 40.

27       Wherefore, plaintiff prays that the court grant relief

28  as requested hereinbelow.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**

1

**PRAYER**

2        WHEREFORE, plaintiff prays for an award and relief as

3    follows:

4        1.   That those of the defendants that currently own,

5    operate, and or lease (from or to) the subject Carl's Jr.

6    Restaurant and its facilities be preliminarily and permanently

7    enjoined from operating and maintaining these public facilities

8    as public accommodations and commercial facilities, so long as

9    disabled persons are not provided full and equal access to the

10   accommodations and facilities, in violation of provided by

11   Sections 54, 54.1, and 55 et seq., of the Civil Code, Sections

12   19955 et seq. Health & Safety Code, Sections 4450, et seq.

13   Government Code, the American Standard Specifications (A117.1-

14   1961), or such other standards, including those of the State

15   Architect's Regulations for Handicapped Access, as found in

16   Title 24 of the California Code of Regulations or other

17   regulations as are currently required by law; and that

18   defendants be ordered to come into compliance with the Americans

19   with Disabilities Act of 1990, including an order that those of

20   the defendants that currently own, operate, and/or lease (from

21   or to) the subject Carl's Jr. Restaurant, <u>inter</u> <u>alia</u>, "alter the

22   subject facilities to make such facilities readily accessible to

23   and usable by individuals with disabilities," and institute

24   reasonable modifications in policies and practices, per

25   Section 308 of Public Law 101-336 (the ADA);

26       2.   General, compensatory, and statutory damages, and

27   all damages as afforded by Civil Code Sections 54.3, including

28   treble damages, for each violation and each day on which

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                — 33 —

1    defendants have denied to plaintiff equal access for the

2    disabled, commencing on the date plaintiff's initial visit of

3    April 24, 2004, according to proof.

4          3.    General, compensatory, and statutory damages, and

5    all damages as afforded by Civil Code Sections 52, including

6    treble damages, for each violation and each day on which

7    defendants have denied to plaintiff equal access for the

8    disabled under Title III of the ADA, commencing on the date

9    plaintiff's initial visit of April 24, 2004, according to proof.

10         4.    A permanent injunction pursuant to Business and

11   Professions Code section 17203 restraining and enjoining the

12   defendants from continuing the acts of unfair competition set

13   forth above;

14         5.    During the pendency of this action, a preliminary

15   injunction issue pursuant to Business and Professions Code

16   section 17203 to enjoin and restrain defendants from the acts of

17   unfair competition set forth above;

18         6.    Defendants be ordered to restore to the public

19   all funds acquired by the acts of unfair competition set forth

20   above pursuant to Business and Professions Code section 17203;

21         7.    Attorney's fees, litigation expenses and costs

22   pursuant to Sections 54.3 and 55 of the Civil Code,

23   Section 19953 Health & Safety Code, Section 1021.5 Code of Civil

24   Procedure, and Section 505 of the ADA;

25         8.    Punitive damages pursuant to Section 3294 Civil

26   Code;

27         9.    For all costs of suit;

28         10.   Prejudgment interest pursuant to Section 3291 of

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                — 34 —

1    the Civil Code;

2        11.   Such other and further relief as the Court deems

3    just and proper.

4

5    Dated: June 20, 2003      **Thimesch Law Offices**

                           TIMOTHY S. THIMESCH

6

7

8                            Attorneys for Plaintiff

9                            JEAN RIKER

10

11                  **<u>DEMAND FOR JURY TRIAL</u>**

12        Plaintiff hereby demands a jury for all claims for

13    which a jury is permitted.

14

15

16    Dated: June 20, 2003

17                          By: TIMOTHY S. THIMESCH

                           Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Injunctive Relief and Damages**