Thimesch Law Offices
TIMOTHY S. THIMESCH, Esq. (No. 148213)
MICHELLE L. THIMESCH, Esq. (No. 140591)
171 Front Street, Suite 102
Danville, CA 94526
Direct: (925) 855-8235
Facsimile: (925) 855-8435
E-mail: thimesch@sbcglobal.net

Attorneys for Plaintiff JEAN RIKER

IAN FRASER-THOMSON (BAR KO. 73526)
KRISTINA L. VELARDE (BAR NO. 199299)
CESARI, WERNER AND MORIARTY
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908
Telephone: (415) 391-1113
Facsimile: (415) 391-4626
E-mail: ift@cmlaw

JAMES & McCLELLAN
RENTON H. ROLPH, ESQ.
       (State Bar No. 73457)
One Front Street, Suite 1250
San Francisco, CA 94111
Tel: (415) 837-3820
Fax: (415) 837-3835
Email: rolphh@nationwide.com

Attorneys for Defendants CARL'S JR. RESTAURANT 7041 and BY-THE-BAY INVESTMENTS, INC.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RIKER,<br><br>                Plaintiff,<br><br>v.<br><br>CARL'S JR. RESTAURANT 7041;<br>BY-THE-BAY INVESTMENTS,<br>INC.; YU CHEN; YEE C CHEN;<br>ALEXANDER B. CHEN; SELINA<br>W. CHEN CHAO; JIMMY C. K.<br>CHEN; MAGGIE W T CHEN; DOE<br>TRUSTS 1-5; MALL PARKING<br>LOT OWNERS DOE 6-10; AND<br>DOES 11-50, Inclusive,<br><br>                Defendants.<br>_____ / | CASE NO. C04-01829 JW<br><br>**PARTIAL CONSENT DECREE<br>AND ORDER** |

### **PARTIAL CONSENT DECREE AND ORDER**

1. Plaintiff JEAN RIKER filed this action for herself and all other

Partial Consent Decree and Order:
Case No. C04-01829 JW
Version: 2005-08-26 - 6:50 AM - FINAL DRAFT

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

1

similarly situated members of the public to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California's Civil Rights laws, against defendants CARL'S JR. RESTAURANT 7041; BY-THE-BAY INVESTMENTS, INC.; YU CHEN; YEE C CHEN; ALEXANDER B. CHEN; SELINA W. CHEN CHAO; JIMMY C. K. CHEN; MAGGIE W T CHEN, et al. ("Defendants"). Plaintiff alleged that defendants violated Title III of the ADA, California Civil Code Sections 54.1, and 55, and California Health and Safety Code Sections 19955 et seq., by failing to provide full and equal access and related facilities, including accessible entrances, accessible paths of travel, accessible public restrooms, accessible routes, including from the public right of way, accessible dining facilities, accessible disabled parking, and accessible service counter facilities at the Carl's Jr. Restaurant located at 270 Saratoga Avenue in Santa Clara, California (hereafter "subject restaurant"). Plaintiff alleges that defendants built the restaurant as new construction in 1974 and has performed other alterations within the statutory period for the ADA and/or California law while failing to fulfill mandated access obligations.

2.   Defendants Answer to the Complaint partially denied these allegations, and by entering into this Consent Order, do not admit liability to the allegations in plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Order for the sole purpose of resolving this lawsuit without the need for protracted litigation.

**JURISDICTION**

3.   The parties agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq., jurisdiction for standing under Article III of the United States Constitution, and pursuant to pendant jurisdiction for violations of

Partial Consent Decree and Order:
Case No. C04-01829 JW
Version: 2005-08-26 - 6:30 AM - FINAL DRAFT

Shimrock Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

2

California Health & Safety Code Sections 19955 *et seq.*, including Section 19959; Title 24 California Code of Regulations; and California Civil Code Sections 54; 54.1; 54.3; and 55.

4. This agreement is contingent upon Court approval and acceptance of normal jurisdiction to interpret and enforce this Consent Decree.

5. The parties agree to entry of this Order in order to resolve the below listed allegations raised in the Complaint filed with this Court on May 10, 2004. Accordingly, they agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law concerning the issues specified herein, and without prejudice to plaintiff's sole remaining injunctive relief claim relating to the accessibility of the path of travel from the boundary of the site to the main entrance of the Carl's Jr. Restaurant, as well as plaintiff's remaining claim for reasonable statutory attorney's fees, litigation expenses and costs.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Order, which provides as follows:

**RESOLUTION OF INJUNCTIVE RELIEF**:

6. Except as specified in paragraph 10, below, this Consent Decree shall be a full, complete, and final disposition and settlement of the below claims for injunctive relief and damages that have been or could have been alleged in the Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Order should not be construed as such. The Court shall retain jurisdiction of this action to enforce and interpret this Consent Decree. The parties agree that if they or any of them seek Court enforcement of this Consent Decree and Order, any such enforcement will be by noticed motion, application or other appropriate request for an order for specific performance and that a contempt citation or decree will not be sought by any party.

Shimanek Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Partial Consent Decree and Order:
Case No. C04-01829 JW
Version: 2005-08-26 - 6:50 AM - FINAL DRAFT

3

7. With respect to the injunctive relief and damage claims resolved by this Order, the parties acknowledge that they waive the provisions of and any benefits that may be conferred by Civil Code section 1542 which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The provisions of this paragraph shall not affect the reserved issues specified in paragraph 10, below.

**INJUNCTIVE RELIEF:**

8. The defendants agree to perform the following work to provide disabled access at the subject restaurant:

   a. **Parking.** Defendants will fill in the missing information on parking signage indicating where towed vehicles may be recovered.

   b. **Entrances.**

      1) **Directional Signage.** Defendants shall provide directional signage at the non-accessible entrances indicating the location of the accessible entrances.

      2) **ISA Signage.** Defendants shall install proper ISA signage at the accessible main entrance.

      3) **Door Pressure.** Defendants shall adjust all door-openers at public entrances to a maximum allowable operating pressure of 5 lbs.

      4) **Threshold at Main Entrance.** Defendants shall provide a compliant threshold at the accessible main entrance.

      5) **Strike Side Clearance.** Defendants shall provide a compliant strike side landing at the front dining entrance by extending the concrete to provide a minimum of 24 inches of strike side clearance.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Partial Consent Decree and Order:
Case No. C04-01829 JW
Version: 2005-08-26 - 6:50 AM - FINAL DRAFT

4

6) **Kickplate.** Defendants shall provide a compliant kick plate on the rear dining door.

c. **Landing at Telephone.** Defendants shall provide a clear and level landing in front of the public telephone, and remove any obstructions within landing.

d. **Interior Dining Facilities.**

1) **Dining Tables.** Defendants shall provide one further accessible dining table in the restaurant with a compliant table top height and compliant knee space.

2) **Condiments and Service Counters.** Defendants shall relocate the condiments, straws, napkins and other self-service items on the service counter so as to move these items closer to the counter's front edge and thereby eliminate the "reach over an obstruction" condition that currently exists.

e. **Public Restrooms.** Defendants shall reconstruct their public restroom facilities consistent with the drawings of plaintiff's consultant Karl Danz attached hereto as **Exhibit 1,** or pursuant to another equivalent design that strictly complies with the performance standards for new construction, as noted below. All bathroom fixtures, grab bars and other amenities within the reconfigured restrooms shall also strictly comply with such performance standards.

f. **Performance Standards.** All of the foregoing facilities shall be brought into full and strict compliance with the literal requirements of the California Code of Regulations, Title 24-2 (2001), and Americans with Disabilities Act Accessibility Guidelines.

g. **Conflict in Performance Standards.** In the event of a conflict between the two sets of regulations, the provisions that supply maximum protection and accessibility to the disabled shall apply.

h. **Construction Tolerance.** The remediations hereunder shall

Partial Consent Decree and Order:
Case No. C04-01829 JW
Version: 2005-08-26 - 6:50 AM - FINAL DRAFT
5

Shimrock Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

1  allow for any recognized construction tolerances specifically provided by code.
2  This includes the construction tolerances provided by the Handbook of
3  Construction Tolerances, by David Ken Ballast, McGraw Hill, published in 1994.

4       i.   **Option to Close Facilities.** In lieu of making modification to
5  any particular facility or amenity called for by this decree, the defendants may
6  choose to permanently close such facility or amenity.

7       j.   **Time for Compliance.** As to all other work, defendants shall
8  submit plans and apply for any necessary permits for this work within 180 days of
9  the entry of this Order on the docket of the court, and complete all such work
10 within six months of receiving permits, allowing for good faith interruptions due
11 to inclement weather, contractor unavailability, and other causes under the
12 Doctrine of Force Majeure.

13      k.   **Enforcement.** Should Plaintiff in the future become aware of
14 any facts or conditions relating to the subject restaurant that may give rise to a
15 claim that Defendants have failed to comply with any of the injunctive relief
16 provisions set forth herein, Plaintiff shall, prior to seeking enforcement from this
17 Court, provide notice to Defendants' current counsel, Ian Fraser-Thomson, Esq.
18 and Renton Rolph, Esq., in writing, addressed to their then current addresses as
19 registered with the State Bar, with a courtesy copy addressed to owner-defendant
20 By-The-Bay Investments, C/o Wood DeMayo at the restaurants address on
21 Saratoga in Santa Clara. The restaurant shall have sixty (60) days, following
22 receipt of such notification to undertake to correct the alleged violation and/or
23 respond to Plaintiff's allegations. Any response made by Defendants shall be in
24 writing, addressed to Plaintiff's counsel, Tim Thimesch of the Thimesch Law
25 Offices, at his then current address registered with the State Bar. Plaintiff's
26 counsel agrees to contribute pro bono up to three hours in any given calendar year
27 toward these informal negotiation efforts. If Plaintiff determines, in her own
28 good faith discretion, that the matter(s) are not resolved by Defendants' response,

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Partial Consent Decree and Order:
Case No. C04-01829 JW
Version: 2005-08-26 - 6:50 AM - FINAL DRAFT

6

1  Plaintiff shall be permitted to file a noticed motion under the current case number
2  of this action seeking enforcement of this Consent Decree. The prevailing party
3  in such motion proceedings, whether in full or in part, may be entitled to an award
4  of reasonable attorney fees, litigation expenses and costs for such motion, i.e., the
5  fee recovery shall be pursuant to the normal prevailing party standards that
6  applied before the action's full dismissal.

**RESOLUTION OF PLAINTIFF'S DAMAGE CLAIM:**

9. Defendants shall pay plaintiff $22,500 in full resolution of all compensatory damage claims brought under her complaint. A check for this amount shall be delivered into plaintiff counsel's hands within 10 days of the Court's execution of this order. The check shall be made out solely to "Jean Riker."

**RESERVED INJUNCTIVE RELIEF CLAIM RE PATH OF TRAVEL TO BOUNDARY OF SITE AND RE ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

10. Plaintiff agrees to dismiss all named defendants in relation to <u>all</u> injunctive relief and damage claims.

11. Plaintiff stipulates that all of her damage claims have been resolved through this consent decree.

12. Plaintiff stipulates that through this consent decree, all injunctive relief claims related to the restaurant and the configuration of its immediate surrounding parking facilities have been resolved.

13. The parties have not reached an agreement regarding Plaintiff's claim for attorney fees, litigation expenses and costs for this case (and any appropriate enhancement), and reserve such issues for trial or appropriate disposition. The parties agree to continue their attempt to compromise Plaintiff's

Shinrock Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

1  remaining claim for attorney fees, litigation expenses and costs.

2  14.  Therefore, if the Court approves the Consent Decree and limited request for dismissal and the stipulated reduction in issues, the parties request the setting of the following schedule for moving for an award of fees, costs and expenses, which includes reasonable attorneys fees incurred in making the motion: 1) the deadline for filing the motion shall be within 60 days after entry of this order; 2) the deadline for defendants to file any opposition papers shall be within 30 days of the filing of plaintiff's notice of motion; 3) any reply papers shall be with 15 days thereafter.  Plaintiff may move for an award of fees, costs and expenses, which include reasonable attorneys fees incurred in the action and in pursing her Motion for Award of Reasonable Statutory Attorney's Fees, Litigation Expenses and Costs, and defendants may state objections to an award of costs through their opposition papers.  These procedures shall apply in lieu of the procedures specified in Civil Local Rules 54-1 through 54.6, with the exception that counsel should comply with Rule 54-6(a) with respect to meet and confer requirements and that sub section (b)(1) through (3) shall apply re form of motion and the court's prerogatives as set forth in said Local Rule.

15.  Notwithstanding any statement in this Decree regarding defendants' dispute of the allegations and/or non-admission and denial of liability, the parties agree that plaintiffs have prevailing party standing to make a motion for reasonable fees, litigation expenses and costs.  Defendants reserve all rights to oppose such a motion.

## ENTIRE CONSENT ORDER:

16.  This Consent Order and the Exhibit attached hereto, constitute the entire agreement between the parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Partial Consent Decree and Order:
Case No. C04-01829 JW
Version: 2005-08-26 - 6:50 AM - FINAL DRAFT

8

1  Order, shall be enforceable regarding the matters of injunctive relief described
2  herein. The issues specified in Paragraph 13 shall constitute the sole matters
3  reserved for trial or further disposition.

## CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

7  17. The parties agree and represent that they have entered into this Consent Decree voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to all matters related to this Consent Decree, after having received full advice from counsel.

11  18. This Consent Decree and Order shall be binding on Plaintiff JEAN RIKER, and Defendants CARL'S JR. RESTAURANT 7041; BY-THE-BAY INVESTMENTS, INC.; and any successors in interest. During the period of this Consent Decree, the parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree. To the extent permitted by law, the parties intend that this Consent Decree and Order shall additionally be binding upon all persons with disabilities similarly situated to plaintiff, and that the terms shall have the effect of res judicata and/or collateral estoppel.

## JOINT PREPARATION AND SEVERABILITY:

22  19. This Consent Decree and Order is deemed jointly prepared by all parties and shall not be strictly construed against any party as its drafter. If any

24  ////
25  ////

Aug 30 05 01:09p   Wood DeMayo                                      p.2
Case 5:04-cv-01829-JW   Document 23   Filed 09/23/05   Page 10 of 12

1  term of this Consent Order is determined by any court to be unenforceable, the
2  other terms of this Consent Order shall nonetheless remain in full force and
3  effect.

**SIGNATORIES BIND PARTIES:**

6  20.  Signatories on the behalf of the parties represent that they are
7  authorized to bind the parties to this Consent Decree and Order.

**SIGNATORIES BIND PARTIES:**

9  21.  This Consent Decree may be executed in counterparts signatures,
10 and such signatures may be attached in counterparts, each of which shall be
11 deemed an original, and which together shall constitute one and the same
12 instrument. Such counterparts may be signed as faxed signatures, which shall
13 have the same force and effect as original signatures.

Dated:

_____
Plaintiff JEAN RIKER

Dated: Aug 29, 2005

_____
WOODY DEMAYO on behalf of
Defendants BY-THE-BAY
INVESTMENTS, INC. dba CARL'S JR.
RESTAURANT 7041

////
////

Dhimusch Law Offices
171 FRONT STREET
SUITE 102        Version: 2005-08-26 - 6:91 AM - FINAL DRAFT                                    10

**APPROVED AS TO FORM:**

Dated: Aug 11, 2005

**Thimesch Law Offices**
TIMOTHY S. THIMESCH

*/s/ Tim Thimesch*

Attorneys for Plaintiff
JEAN RIKER

Dated: Aug 30, 2005

CESARI, WERNER AND MORIARTY
IAN FRASER-THOMSON
KRISTINA L. VELARDE

*/s/*

By Attorneys for Defendants
BY-THE-BAY INVESTMENTS, INC.,
dba CARL'S JR. RESTAURANT 7041

Dated: Aug ___, 2005

JAMES & McCLELLAN
RENTON H. ROLPH, ESQ.

*/s/*

By Attorneys for Defendants
BY-THE-BAY INVESTMENTS, INC.,
dba CARL'S JR. RESTAURANT 7041

**ORDER**

IT IS SO ORDERED. _____

_____

_____

_____

Dated: _____, 2005

HON. JAMES WARE
JUDGE OF U.S. DISTRICT JUDGE

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Version: 2005-08-25 - 6:50 AM - FINAL DRAFT

11

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.** The Clerk shall close the file, subject to being reopened on motion to enforce the provisions of the Consent Decree.

Dated: September 22, 2005

_____
HON. JAMES WARE
U.S. DISTRICT JUDGE

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Partial Consent Decree and Order:
Case No. C04-01829 JW
Version: 2005-08-26 - 6:50 AM - FINAL DRAFT

12